UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MK COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 333 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| KAREL-GORDON & ASSOCIATES and MARC GORDON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MK Communications, Inc. seeks to hold Karel-Gordon & Associates and Marc Gordon liable for providing deficient actuarial services in connection with a pension plan for MK employees that MK sponsors. Doc. 1-1. Defendants removed the suit based on federal question jurisdiction, arguing that the complaint brings a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Doc. 1 at ¶ 8. Defendants move to dismiss the complaint, Doc. 8, and MK responds with a motion to remand, Doc. 13. MK's motion to remand is granted.

"A state-court action may be removed to federal court if it qualifies as a 'civil action … of which the district courts of the United States have original jurisdiction,' unless Congress expressly provides otherwise." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 474 (1998) (quoting 28 U.S.C. § 1441(a)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. at 475 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). For that reason, "[a] case may not be removed on the basis of a federal defense." *Citadel Sec., LLC v. Chi. Bd. Options*

*Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) (citing *Rivet*, 522 U.S. at 475). It follows that a defendant's argument that a plaintiff's claim is preempted by federal law generally does not establish federal jurisdiction: "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

An exception to the general rule arises from the doctrine known as "complete preemption." "[W]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Complete preemption is "really a jurisdictional rather than a preemption doctrine," as it "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 596 (7th Cir. 2008). "Complete preemption, therefore, creates an exception to the rule that courts look only to the plaintiff's well-pleaded complaint to determine whether federal jurisdiction exists. If the complaint pleads a state-law claim that is completely preempted by federal law, the claim is removable to federal court." *In re Repository Techs., Inc.*, 601 F.3d 710, 722-23 (7th Cir. 2010).

ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), has this jurisdictional effect. The eleven clauses of § 1132(a) specify the circumstances in which "[a] civil action may be brought" to enforce ERISA's protections. 29 U.S.C. § 1132(a). The most frequently invoked clause is § 1132(a)(1)(B), which authorizes suit "by a participant or beneficiary … to recover

2

benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id*. § 1132(a)(1)(B). As the Supreme Court explained, "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila*, 542 U.S. at 209 (quoting *Taylor*, 481 U.S. at 65-66).

Section 1132(a) does not convert a state law claim into a federal claim simply because it relates to ERISA in some way. Rather, a separate section of ERISA provides that it "shall supersede any and all State laws insofar as they may … relate to any employee benefit plan." 29 U.S.C. § 1144(a). By contrast to § 1132(a), which completely preempts state law claims within its scope, § 1144(a) establishes "conflict, sometimes called defensive, preemption," which "actually is a true preemption doctrine" and thus "does not provide an independent basis for federal jurisdiction/removal." *Franciscan Skemp*, 538 F.3d at 601; *see also Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir. 1995) ("[S]tate law claims that are merely subject to 'conflict preemption' under [§ 1144(a)] are not recharacterized as claims arising under federal law; in such a situation, the federal law serves as a defense to the state law claim, and therefore, under the well-pleaded complaint rule the state law claims do not confer federal question jurisdiction."). In short, "complete preemption under [§ 1132(a)] creates federal question jurisdiction whereas conflict preemption under [§ 1144(a)] does not." *Rice*, 65 F.3d at 640. It follows that this suit was properly removed only if at least one of MK's claims is completely preempted by § 1132(a).

*Davila* "created a two-step test" to determine whether a state law claim is completely preempted by § 1132(a): "(1) 'if an individual, at some point in time, could have brought his

3

claim under' [§ 1132(a)(1)(B),] and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 724 (7th Cir. 2017) (quoting *Davila*, 542 U.S. at 210); *see also Franciscan Skemp*, 538 F.3d at 597 (deriving the same two-part test from *Davila*). Although this aspect of *Davila*, and thus the Seventh Circuit cases applying it, concern one specific clause of § 1132(a)—namely, § 1132(a)(1)(B)—*Davila* extends complete preemption to all clauses of § 1132(a). Using the session law numbering for § 1132(a), *Davila* held: "Hence, 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" 542 U.S. at 209 (alteration in original) (quoting *Taylor*, 481 U.S. at 66); *see also Fossen v. BCBS of Mont., Inc.*, 660 F.3d 1102, 1108 (9th Cir. 2011) ("The complete preemption doctrine applies to the other subparts of § 502(a) as well.").

The question here is whether any of MK's claims satisfy both prongs of the *Davila* test: Could at least one claim have been brought under § 1132(a)? And, if so, is there no other independent legal duty implicated by that claim? If MK cannot satisfy either or both prongs, then Defendants have not a complete preemption defense, but only a conflict preemption defense, which cannot provide grounds for removal and thus must be "left to the state court." *Franciscan Skemp*, 538 F.3d at 601.

The first prong is decisive, as MK could not possibly "have brought [its] claim under" any clause of § 1132(a). MK sues as the pension plan's "sponsor," meaning the employer that created and maintains the plan. Doc. 1-1 at ¶¶ 1, 6; *see* 29 U.S.C. § 1002(16)(B) (defining "plan sponsor" to mean "the employer in the case of an employee benefit plan established or maintained by a single employer"). Defendants and MK agree that MK asserts no other legal status with respect to the plan. Doc. 9 at 10; Doc. 13 at 7. The originally enacted clauses of

4

§ 1132(a) authorize suits only by participants, beneficiaries, the Secretary of Labor, or plan fiduciaries. *See* 29 U.S.C. § 1132(a)(1)-(6); *see also Davila*, 542 U.S. at 209 (referring to subsections (a)(1)-(6) as "[t]he six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted") (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)). Some later-added clauses dealing with multi-employer pension plans authorize suit by an employer, but they are irrelevant to this suit. *See* 29 U.S.C. § 1132(a)(8), (10)-(11). And the other clauses do not authorize suits by plan sponsors, and address unrelated matters in any event. *See id*. § 1132(a)(7), (9). So § 1132(a) provides no possible cause of action for MK. That ends the analysis under *Davila*. *See Franciscan Skemp*, 538 F.3d at 601 ("[The plaintiff] is not bringing these claims as a beneficiary, nor is it standing in the shoes of a beneficiary. … There are no grounds for removal. This case belongs in state court.").

MK's claims also fail *Davila*'s second prong, as each implicates some "other independent legal duty." *Davila*, 542 U.S. at 210. The first two claims are for breach of contract and professional negligence, Doc. 1-1 at ¶¶ 19-33, which the parties agree implicate duties arising under Illinois law, Doc. 13 at 5; Doc. 17 at 2-3.

The third claim is titled "breach of fiduciary duty," Doc. 1-1 at p. 6, and alleges that "Defendants served as [MK's] fiduciaries … by virtue of their trusted relationship with [MK]," *id*. at ¶ 35. MK explains that this allegation invokes Illinois law, under which "[a] fiduciary relationship exists where one party reposes trust and confidence in another, who thereby gains a resulting influence and a superiority over the subservient party." *Khan v. Deutsche Bank AG*, 978 N.E.2d 1020, 1040 (Ill. 2012); *see* Doc. 13 at 11. True, the complaint then cites ERISA's definition of "fiduciary" in alleging that Defendants were also "fiduciaries pursuant to statute." Doc. 1-1 at ¶ 35 (citing 29 U.S.C. § 1002(21)(A)). The ERISA definition is irrelevant to this

case, however, as an ERISA fiduciary owes duties only to the plan and participants, not to a sponsor like MK. *See* 29 U.S.C. § 1002(21)(A) (defining who qualifies as "a fiduciary with respect to a plan"); *id*. § 1104 ("[A] a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries … ."); *id*. § 1109 (imposing liability for fiduciary breaches "with respect to a plan"). Thus, although MK invokes an ERISA provision of no pertinence, its third claim plainly implicates an "independent legal duty" under Illinois law. *Davila*, 542 U.S. at 210. Perhaps, as Defendants argue, Doc. 9 at 12-13, ERISA will ultimately preempt this fiduciary duty claim as a *defensive* matter, but, as discussed, conflict preemption does not give rise to federal jurisdiction.

Finally, there is no other potential basis for federal jurisdiction besides complete ERISA preemption. MK and Karel-Gordon are non-diverse: They are both Illinois corporations, Doc. 1-1 at ¶¶ 1-2, and thus citizens of Illinois, *see Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); 28 U.S.C. § 1332(c)(1). So Defendants cannot ground removal on the diversity jurisdiction, 28 U.S.C. § 1332(a).

In a last-ditch effort to avoid remand, Defendants invoke the *Grable* doctrine, which extends federal question jurisdiction to state law cases that raise "substantial questions of federal law." Doc. 17 at 5 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). *Grable* creates a "special and small category" of cases that do not depend on a "cause of action created by federal law," but nevertheless "arise[] under federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 466 (7th Cir. 2015) (describing this as a "slim category" that "rarely results in a finding of federal jurisdiction"). Defendants do not identify any decision holding that a garden-variety claim of conflict preemption under ERISA

6

raises a substantial federal question in this sense, and the court has not found one either. *Grable* does not transform any of MK's claims into federal claims.

Because there is no hook for federal jurisdiction over this suit, MK's motion to remand is granted. Defendants' motion to dismiss is denied as moot, without prejudice to Defendants' renewing any of their arguments for dismissal, including conflict preemption, in state court.

April 15, 2021

_____
United States District Judge